**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:    Mary A. Nelson

Debtor(s)

Case No.: 19-12351-RG

Judge: Rosemary

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: August 13, 2019

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☒ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: wdn    Initial Debtor: MAN    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____2433.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

Debtor seeks cram-down of mortgage on 80 North Parkway, East Orange, New Jersey.

**Part 2:    Adequate Protection ☒ NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,750.00 |
| DOMESTIC SUPPORT OBLIGATION | Domestic Support Obligation | 0 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence:  ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c.  Secured claims excluded from 11 U.S.C. 506:  ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| CitiMortgage | 80 North Oraton Pwy, East Orange, NJ | $451,766.00 | $115,000.00 | $115,000.00 | $336,766.00 |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Other Administrative Claims           5) Priority Claims

3) Secured Claims                        6) General Unsecured Claims

4) Lease Arrearages

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: March 19, 2019                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To set forth the cram down of of Citi-Mortgage | Part 4 and Part 7 of the Plan have been Amended |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☒ Explain here:
   Cram down of Citi Mortgage loan

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: August 13, 2019              /s/ Mary A. Nelson
                                    Debtor

Date: _____              _____
                                    Joint Debtor

Date: August 13, 2019              /s/ Walter D. Nealy
                                    Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:  
Mary A. Nelson  
    Debtor

Case No. 19-12351-RG  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Aug 16, 2019  
                  Form ID: pdf901     Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 18, 2019.

```
db            +Mary A. Nelson,    74 Eppirt Street,    East Orange, NJ 07018-2505
cr            +U.S. Bank National Association, as Indenture Trust,    P.O. Box 25430,    Portland, OR 97298-0430
518144713      CitiMortgage, Inc.,    P.O. Box 688971,    Des Moines, IA 50368-8971
518009987      CitiMortgage, Inc.,    P.O. Box 6889741,    Des Moines, IA 50368-8971
518313722     +CitiMortgage, Inc., c/o Cenlar FSB,    425 Phillips Blvd.,    Ewing NJ 08618-1430
518313723     +CitiMortgage, Inc., c/o Cenlar FSB,    425 Phillips Blvd.,    Ewing NJ, 08618,
                CitiMortgage, Inc., c/o Cenlar FSB,    425 Phillips Blvd.,    Ewing NJ 08618-1430
518009990     +Docket F 052591-14,    Superior Court of NJ,    Chancery Div. Equity Part,    212 Washington St.,
                8th Floor,    Newark, NJ 07102-2904
518411731     +East Orange Water Commission,    99 South Grove,    East Orange, New Jersey 07018-4108
518011650     +Orion,    c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518009988     +Powers Kirn, LLC,    728 Marne Hwy,    Ste 200,    Moorestown, NJ 08057-3128
518009989      Sheriff's File 17006703,    Office of the Sheriff,    Essex County Veterans Courthouse,
                Newark, NJ 07102
518183336      U.S. Bank National Association,    c/o Gregory Funding LLC,    PO Box 742334,
                Los Angeles, CA 90074-2334
518009991     +US Dept of Housing and,    Urban Development,    451 7th Street SW,    Washington, DC 20410-0002
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Aug 17 2019 01:00:48     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 17 2019 01:00:45     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
cr            +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 17 2019 01:09:33     Orion,
                c/o PRA Receivables Management LLC,    POB 41021,    Norfolk, VA 23541-1021
518158089     +E-mail/Text: g20956@att.com Aug 17 2019 01:01:26     AT&T Mobility II LLC,
                %AT&T SERVICES INC.,    KAREN A. CAVAGNARO LEAD PARALEGAL,    ONE AT&T WAY, SUITE 3A104,
                BEDMINSTER, NJ. 07921-2693
518045171     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 17 2019 01:10:38
                Capital One Bank (USA), N.A.,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
518145194      E-mail/Text: bankruptcy@glsllc.com Aug 17 2019 00:59:42     Global Lending Services LLC,
                1200 Brookfield Blvd Ste 300,    Greenville, South Carolina 29603
518026185     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 17 2019 01:09:33
                Orion Portfolio Services, LLC,    c/o PRA Receivables Management, LLC,    PO Box 41021,
                Norfolk VA 23541-1021
518064491     +E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 17 2019 01:01:04     Premier Bankcard, Llc,
                Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
                                                                                              TOTAL: 8
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 18, 2019                         Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 15, 2019 at the address(es) listed below:

```
              Denise E. Carlon    on behalf of Creditor    Global Lending Services, LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Global Lending Services, LLC rsolarz@kmllawgroup.com
              Robert P. Saltzman    on behalf of Creditor    U.S. Bank National Association, as Indenture Trustee
               on behalf of and with respect to Ajax Mortgage Loan Trust 2017-C, Mortgage-Backed Notes c/o
               Gregory Funding LLC dnj@pbslaw.org
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
```

```
District/off: 0312-2          User: admin              Page 2 of 2               Date Rcvd: Aug 16, 2019
                              Form ID: pdf901          Total Noticed: 21
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Walter D. Nealy    on behalf of Debtor Mary A. Nelson nealylaw@gmail.com, r43366@notify.bestcase.com;walterdnealy-pc-5pBm29TvkU@mycasemail.com
          William M. E. Powers, III    on behalf of Creditor    CitiMortgage, Inc. ecf@powerskirn.com
          William M.E. Powers    on behalf of Creditor    CitiMortgage, Inc. ecf@powerskirn.com
          William M.E. Powers, III    on behalf of Creditor    CitiMortgage, Inc. ecf@powerskirn.com
          TOTAL: 9