| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>2014-2714<br><br>**Powers Kirn, LLC**<br>ecf@powerskirn.com<br>William M. E. Powers III, Esq.<br>Angela C. Pattison, Esq.<br>728 Marne Highway, Suite 200<br>Moorestown, NJ 08057<br>(856) 802-1000<br>Attorney for CitiMortgage, Inc. | **FILED**<br>JEANNE A. NAUGHTON, CLERK<br>OCT 3 – 2019<br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY_____DEPUTY |
| In Re:<br><br>Mary A. Nelson<br><br>      Debtor(s) | Case No.: 19-12351-RG<br><br>Chapter: 13<br><br>Hearing Date: June 12, 2019<br><br>Judge: Honorable Rosemary Gambardella |

Recommended Local Form:    ☐ Followed    ☒ Modified

# ORDER ENFORCING ASSIGNMENT OF RENTS, REQUIRING PRODUCTION AND TURNOVER OF RENTS

The relief set forth on the following page is hereby **ORDERED**.

10-3-19

/s/ Rosemary Gambardella
USBJ

Upon the motion of Powers Kirn, LLC, Attorneys for CitiMortgage, Inc., Debtor(s)' mortgagee, for an Order to enforce an assignment of rents, to require production of lease with an accounting and turnover over of rents collected, and for cause shown, it is

**ORDERED** that the movant, its successor or assigns is hereby authorized to enforce the assignment of rents as to real property commonly known as 80 North Oraton Parkway, East Orange, NJ 07017, and it is further

**ORDERED** that the Debtor is hereby prohibited from using rental income derived from the subject property, and it is further

**ORDERED** the Debtor is hereby required to produce, within 10 days of entry of this order, an accounting for the property, including by not limited to a rent roll reflecting all rents collected, unpaid rents currently due, copies of all leases, and a certification as to the existence or non-existence of any security deposits held and provide movant's attorney with the name of the banking institution, location and account number where security deposits are currently held to the extent that such exist, and it is further

**ORDERED** that the Debtor shall turnover the rental income collected after filing the instant bankruptcy proceeding, and it is further

**ORDERED** to the extent that the Debtor might have paid rents that are currently in the possession of the Trustee or otherwise held in escrow, those funds shall not be disbursed under the Debtor's plan or returned to the Debtor, but rather shall be paid over to the movant even if the instant case is dismissed.

The movant shall serve this order on the debtor, and any trustee and any other party who entered an appearance on the motion.